**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 11 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LYNN M. DAVIS, | No. 18-55077 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-03974-AB-KS |
| v. | |
| ANDREW M. SAUL*, Commissioner of Social Security Administration, | MEMORANDUM** |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Submitted March 3, 2020***

Before:     MURGUIA, CHRISTEN, and BADE, Circuit Judges.

Lynn M. Davis appeals pro se from the district court's summary judgment in

---

\*       Andrew M. Saul has been substituted for his predecessor, Nancy A. Berryhill, as Commissioner of the Social Security Administration under Fed. R. App. P. 43(c)(2).

\*\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

her action alleging federal employment claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Vasquez v. County of Los Angeles*, 349 F.3d 634, 639 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment on Davis's retaliation claim because Davis failed to raise a genuine dispute of material fact as to whether defendant's legitimate, nondiscriminatory reasons for terminating Davis's employment were pretextual. *See Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1108 (9th Cir. 2008) (elements of a retaliation claim under Title VII); *Stegall v. Citadel Broad. Co.*, 350 F.3d 1061, 1066, 1069-70 (9th Cir. 2004) (circumstantial evidence of pretext must be specific and substantial).

The district court properly upheld the Merit Systems Protection Board's ("MSPB") decision affirming the termination of Davis's employment because the MSPB's findings were supported by substantial evidence. *See Washington v. Garrett*, 10 F.3d 1421, 1428 (9th Cir. 1994) (deferential standard of review for MSPB decision regarding validity of personnel action).

The district court did not abuse its discretion in denying Davis's motion for reconsideration because Davis failed to establish any basis for such relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir.

1993) (setting forth standard of review and grounds for reconsideration under Fed. R. Civ. P. 60(b)).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Davis's pending motion to extend time to file a reply brief (Docket Entry No. 30) is denied.

**AFFIRMED.**